UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                          :

DAVID TORRES,                             :

                    Petitioner,         :         13 Civ. 2583 (JMF)

                                        :

         -v-                       :        MEMORANDUM
                                       :    OPINION AND ORDER

THOMAS LAVALLEY,                 :

                                        :

                    Respondent.      :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner David Torres ("Petitioner"), a New York State prisoner proceeding *pro se*,

brings this petition for the writ of habeas corpus ("Petition" or "Pet."), pursuant to Title 28,

United States Code, Section 2254, challenging his conviction, after a jury trial, of manslaughter

in the first degree, in violation of New York Penal Law § 125.20[1], and assault in the second

degree, in violation of New York Penal Law § 120.05[2].  (Docket Nos. 2, 14).  Petitioner raises

two claims: (1) that the evidence was insufficient to support his conviction (or, alternatively, that

his conviction was against the weight of the evidence); and (2) that the prosecution committed

misconduct during summation.  (Pet. ¶ 12).  These claims are without merit.

      First, Petitioner's sufficiency claim is procedurally barred because it was properly

rejected by the Appellate Division on the independent and adequate state law ground that it was

not preserved for appellate review.  (Docket No. 14-3, at 1).  Pursuant to New York's

contemporaneous-objection rule, an issue is unpreserved for appeal unless the appellant objected

to the issue at trial.  *See* N.Y. Crim. Proc. Law § 470.05(2); *see also Gonzalez v. Perez*, No. 11

Civ. 3744 (JMF), 2012 WL 2952841, at *2 (S.D.N.Y. July 19, 2012).  To preserve a sufficiency

challenge, it is not enough to make a general motion to dismiss at the end of the prosecution's case or the end of trial; to comply with the contemporaneous-objection rule, the motion to dismiss "must be 'specifically directed'" at the alleged insufficiency of the evidence to preserve the claim for appellate review. *Cintron v. Fisher*, No. 07 Civ. 1058 (KMK) (PED), 2012 WL 213766, at *3 (S.D.N.Y. Jan. 24, 2012) (citing cases). Here, as in *Cintron*, Petitioner "made a general motion to dismiss at the end of the trial and did not identify the precise defect later raised on appeal." *Id.* Accordingly, Petitioner's sufficiency claim is procedurally barred from federal review because the state court's decision rested on independent and adequate state law grounds.

In any event, even if Petitioner were not barred from raising his sufficiency claim here, the claim fails on the merits. Notably, sufficiency-of-the-evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, even on direct appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Second, "if the state courts have rejected the defendant's constitutional arguments on the merits, a federal court may not grant the writ of habeas corpus unless the state courts' decision was based on 'an unreasonable application of [ ] clearly established Federal law.'" *Garbutt v. Conway*, 668 F.3d 79, 81 (2d Cir. 2012) (per curiam) (quoting 28 U.S.C. § 2254(d)(1)). "Thus, where the state courts have denied a claim of insufficient evidence on the merits, [a federal court] may not grant the writ unless [it] conclude[s] that *no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish petitioner's guilt beyond a reasonable doubt." *Id.* at

81-82; *accord Coleman*, 132 S. Ct. at 2062; *Cavazos v. Smith*, 132 S. Ct. 2, 7 (2011) (per curiam) (reaffirming "the necessity of deference to state courts in § 2254(d) habeas cases").

Applying this "doubly deferential standard of review" to the present case, there is no basis to disturb Petitioner's conviction. *Garbutt*, 668 F.3d at 81. Petitioner claimed at trial that he was justified in stabbing the deceased victim and that he accidentally stabbed the surviving victim. (Docket No. 14-3, at 1). On appeal, the Appellate Division concluded (in rejecting Petitioner's sufficiency argument on alternative grounds) that "[t]hese defenses presented issues of credibility, and there is no basis for disturbing the jury's determinations. The physical evidence and the forensic expert testimony, viewed as a whole, tended to show that [Petitioner's] use of deadly force was unjustified." (*Id.* at 1-2). Upon review of the whole record, this Court does not disagree. That is, it cannot be said that no reasonable jury could have found that Petitioner was guilty beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. And it certainly cannot be said that the Appellate Division's conclusion to that effect was either contrary to or an unreasonable application of federal law. *See Garbutt*, 668 F.3d at 81-82.[1]

Petitioner's other claim, that the prosecution committed misconduct during summation, fares no better. First, that claim is, in part, procedurally barred on independent-and-adequate-state-law grounds as well. (Docket No. 14-3, at 3). Second, and in any event, it fails on the merits as Petitioner cannot show that "the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted), let alone that the Appellate Division's rejection of the claim was contrary to, or involved an unreasonable application of,

---

[1]     To the extent that Petitioner raises a weight-of-the-evidence claim, it is not subject to federal habeas review at all. *See, e.g.*, *Gonzalez*, 2012 WL 2952841, at *1.

3

clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Petitioner contends that the prosecution committed misconduct by (1) disparaging his testimony; (2) improperly speculating and drawing improper inferences based on the physical evidence; and (3) misstating the law on justification.  (Pet. ¶ 12(a)).  The first two arguments, however, were fair comment on Petitioner's own arguments at trial and based on permissible inferences from the record.  (*See* Docket No. 14-3, at 2 (holding that the prosecution's line of argument concerning the physical evidence "drew permissible inferences from the record and was responsive to the defense summation")).  And, in any event, the trial court gave curative instructions with respect to all three sets of comments.  Accordingly, Petitioner cannot show that he "suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994).

For the foregoing reasons, the Petition is DENIED.  Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this decision would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Petitioner.

SO ORDERED.

Dated: March 28, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4